UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL EDWARD NEGETHON,

        Plaintiff,

      v.                                   Case No. 21-cv-0764-bhl

TIMOTHY ZACHERY WILKENS, et al.,

        Defendants.

---

### SCREENING ORDER

---

        Plaintiff Daniel Edward Negethon, who is currently in custody at the Winnebago County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Negethon's motions for leave to proceed without prepayment of the filing fee, to appoint counsel, and for a 45-60 day extension of time to submit the $0.68 initial partial filing fee. Dkt. Nos. 2, 6 & 7. In addressing these motions, the Court will also screen the complaint.

### MOTIONS REGARDING PAYMENT OF THE CIVIL CASE FILING FEE

        Negethon requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). Dkt. No. 2. A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). The Court assessed an initial partial filing fee of $0.68. Dkt. No. 5. On July 21, 2021, Negethon filed a motion for extension of time to submit payment, explaining that he no longer has $0.68 in his prison bank account to pay the initial partial filing fee and stating that an "outside source" will send that amount. Dkt. No. 7. The Court will waive the initial partial filing fee due to Negethon's inability

to pay, *see* 28 U.S.C. §1915(b)(4), and will deny as moot his motion for a 45-60 day extension of time to submit the initial partial filing fee. Negethon is advised that although the Court has waived the initial partial filing fee, he is still required to pay the civil case filing in full fee over time. The agency having custody of Negethon will collect the amount in the manner described at the end of this order.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Negethon was arrested in the City of Oshkosh on January 18, 2021 at around 4:30 p.m. Dkt. No. 1 at 2-3. Negethon states that his "hands were up" at the time Oshkosh police officers Timothy Z. Wilkens, Michael A. Hendrickson, and Roberto M. Martinez approached him on the corner of Grant St. and Hudson Ave, but they nevertheless used excessive force during the arrest. *Id*. Wilkens "purposely and maliciously stuck [Negethon] in the face twice and applied knee strikes to [his] upper back." *Id*. at 2. Hendrickson "fired two rounds from a 40mm less lethal tactical rifle…while [he] was unarmed…and [his] hands were up." *Id*. at 3. Martinez then "deployed K9 Lando as a weapon after [Negethon] was shot by officer Hendricks." *Id*. Negethon went unconscious during the arrest and was sent to the hospital with severe injuries, including "puncture wounds" in his lower back. *Id*. at 2-3. For relief, Negethon seeks monetary damages. *Id*. at 4.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Fourth Amendment prohibits law enforcement officers from using more force than reasonably necessary to effectuate an arrest. *See Avina v. Bohlen*, 882 F.3d 674, 678 (7th Cir. 2018) (citing *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010)); *see also Becker v. Elfreich*, 821 F.3d 920, 925 (7th Cir. 2016). To state a claim, Negethon must allege that police officers used force that was not objectively reasonable. *See Cyrus*, 624 F.3d at 861–62. The reasonableness of an officer's conduct is determined by examining the "specific circumstances of the arrest, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Negethon states that the defendant police officers struck him in the face, used a tactical rifle, and deployed a K9 during his arrest even though his "hands were up" and he was not actively resisting the arrest. Based on these allegations, the Court can infer that the defendants' conduct during the arrest was not objectively reasonable. Negethon may therefore proceed with a Fourth Amendment claim that Wilkens, Hendrickson, and Martinez used excessive force during his arrest on January 18, 2021.

Negethon also names the "Oshkosh Police Department" as a defendant because it "holds responsibility for their employees." Dkt No. 1 at 3. But the Oshkosh Police Department "is not a legal entity separable from the [] government which it serves," *see Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004), and Negethon does not identify any unconstitutional "custom or policy" implemented by the City of Oshkosh to implicate a *Monell* claim against the city. The Court will dismiss the Oshkosh Police Department from this case.

Negethon filed a motion to appoint counsel. Dkt. No. 6. He asks for legal representation to "help point[] [him] in the right direction." *Id*. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, Negethon must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the Court "must examine the difficulty of litigating

specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the Court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

As an initial matter, Negethon has not established that he made good faith efforts to hire counsel on his own. *See* Dkt. No. 6. Therefore, the Court will deny his motion to appoint counsel without prejudice. The Court is also not convinced that this case is so complex and Negethon so unsophisticated that he cannot proceed reasonably well on his own. At this point, the Court will simply deny the motion. Negethon can refile the motion once he makes reasonable attempts to recruit counsel on his own. If Negethon refiles the motion, he must attach evidence showing the efforts he made to recruit counsel on his own **and** he must provide information on why the difficulty of the case, factually, legally, and practically, exceeds his capacity to coherently litigate the case.

## CONCLUSION

The Court concludes that the plaintiff may proceed with a Fourth Amendment claim that Wilkens, Hendrickson, and Martinez used excessive force during his arrest on January 18, 2021.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Oshkosh Police Department is **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Dkt. No. 6) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a 45-60 day extension of time to submit the initial partial filing fee (Dkt. No. 7) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Wilkens, Hendrickson, and Martinez pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Wilkens, Hendrickson, and Martinez shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the city attorney for the City of Oshkosh.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the **$350.00** balance of the filing fee by collecting monthly

payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners.  Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 9th day of August, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge