UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL EDWARD NEGETHON,

    Plaintiff,

v.                                                Case No. 21-cv-0764-bhl

TIMOTHY ZACHERY WILKENS,

    Defendant.

## DECISION AND ORDER

    Plaintiff Daniel Negethon, who is incarcerated at the Oshkosh Correctional Institution and represented by counsel, is proceeding on a claim that Defendant used excessive force during his arrest. On March 1, 2023, the parties filed a joint status report to address three issues identified by the Court.

    First, as to whether the parties prefer a jury trial or bench trial, the parties agree that neither party has yet demanded a jury trial. Negethon acknowledges that he asked for a bench trial when he was representing himself, but he asks the Court to exercise its discretion under Fed. R. Civ. P. 39(b) to order a jury trial now that he is represented. Defendant points out that, under Fed. R. Civ. P. 38(d), Negethon has waived a jury trial. The Court will grant Negethon's belated request. The Seventh Circuit has instructed that district courts "ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation of that particular case . . . ." *Members v. Paige*, 140 F.3d 699, 703 (7th Cir. 1998) (citations omitted). The Seventh Circuit has also acknowledged that "[l]ack of legal assistance may supply (or be) a good reason for a favorable exercise of discretion under Rule 39(b)" as may "the fact that neither the parties nor the court [has]

taken any steps that will need to be done over (or done differently) if trial is by jury." *Id.* at 704. Given that Negethon was pro se when he initially waived a jury trial, that he is only recently represented, and that neither the parties nor the Court will have to redo work if trial is by jury, the Court will grant Negethon's request that it exercise its discretion under Rule 39(b) to order a jury trial.

Next, as to whether the parties are amenable to mediation, the parties agree that they would like to mediate reasonably soon, if possible. In a separate order, the Court will refer this action to a magistrate judge for mediation.

Finally, as to whether the parties agree to reopen discovery, the parties agree that limited additional discovery would be helpful, can occur and be pending at the time of mediation, and would not impact the pretrial and trial dates. Accordingly, the Court orders that discovery shall be reopened and sets the following deadlines: 1) fact discovery shall close on **May 1, 2023**; 2) Fed. R. Civ. P. 26(a)(2)(C) shall be completed by **June 1, 2023**; and 3) depositions of Rule 26(a)(2)(C) witnesses shall be completed by **July 15, 2023**.

**SO ORDERED** at Milwaukee, Wisconsin on March 6, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
